# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC HARRIS, | ) | |
| a/k/a ERIC SCALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1323 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied without hearing.

## Facts and Background[1]

On April 5, 2012, Detective Patrick Welch, of the St. Louis Metropolitan Police Department ("SLMPD"), applied for a search warrant of Petitioner's residence located at 8610 North Broadway, Apartment A, within the City of St. Louis. On April 9, 2012, officers with the SLMPD established surveillance and observed Petitioner, and his wife, leave the residence. Officers approached Petitioner and placed him under arrest for two

---

[1] The facts are taken from the Presentence investigation report and the plea agreement filed in this matter.

active fugitive warrants. A search incident to arrest revealed a clear, knotted bag containing five Oxycodone pills and $2,007.00 in U.S. currency. Immediately after the pills were discovered by officers, Petitioner spontaneously stated, "Those are some pain pills." Petitioner was placed under arrest.

The officers then executed the search warrant on Petitioner's residence. Once inside, officers asked Petitioner whether there were any narcotics or firearms in the apartment, to which Petitioner responded, "There's some drugs in the top dresser drawer and a pistol in the other room underneath the ottoman." Petitioner also stated that the bedroom belonged to him and his wife, but that the drugs and gun were his and that his wife knew nothing about them.

Pursuant to the search, officers discovered and seized, among other things: (1) a .22 long rifle caliber, semi-automatic pistol; (2) two bags containing 28 grams of cocaine base; (3) a bag containing 14.4 grams of heroin; (4) a digital scale with white residue; (5) a safe containing $4,745.00; and (6) a box containing $1,052.00. During a post-arrest interview, Petitioner admitted that he sold cocaine base and heroin and that the money was direct proceeds of those sales. After being transported to the police station, Petitioner made a written statement again claiming ownership of the gun and the drugs.

The firearm was manufactured outside of the State of Missouri and, therefore, necessarily traveled in interstate commerce in order to be in Petitioner's possession. The firearm was test fired and operated as designed.

## **PROCEDURAL HISTORY**

A federal grand jury sitting in St. Louis returned a four-count indictment against Petitioner on January 14, 2004, charging him with: (1) possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I); (2) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count II); (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g) (Count IV). On April 3, 2013, Petitioner elected to enter a plea of guilty, pursuant to a plea agreement, as to Count IV in exchange for the dismissal of the remaining counts.

On July 1, 2013, this court found that Petitioner was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and sentenced him to a mandatory minimum term of imprisonment of 180 months. A two-year term of supervised release was also imposed. Counts I, II and III were dismissed on motion by the United States.

No appeal of the conviction or sentence to the Eighth Circuit Court of Appeals was taken by Petitioner. This motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was filed on July 28, 2014.

## CLAIMS

There is but a single claim for relief raised by Petitioner. He asserts that this Court's reliance upon his prior Missouri Burglary Second Degree conviction in order to classify him as an Armed Career Criminal violates the principles and requirements set out in *Descamps v. United States*, 133 S.Ct. 2276 (2013).

3

The Supreme Court held, in *Descamps,* that a conviction for burglary in violation of California Penal Code § 459 is broader than generic burglary and therefore does not qualify as "burglary" under the enumerated-offenses clause of the Armed Career Criminal Act's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii). The Court further held that the modified categorical approach adopted in *Taylor v. United States*, 495 U.S. 575 (1990), and refined in *Shepard v. United States*, 544 U.S. 13 (2005), may not be applied to an indivisible statute such as Section 459. As a result, where a statute, like Section 459, does not define a crime with alternative elements, the qualifying nature of the crime must be assessed categorically, looking only to its elements. *Descamps*, 244 S.Ct. at 2285.

The Eighth Circuit Court of Appeals has had the opportunity to determine whether Missouri's second degree burglary statute is affected by *Descamps*. In *United States v. Olsson*, 742 F.3d 855 (8th Cir. 2014), the Eighth Circuit the Eighth Circuit concluded that it is not and stated:

> [Defendant] was convicted under the Missouri second-degree burglary statute, which served as a basis for his sentencing enhancement: "A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo.Rev.Stat. § 569.170. The basic elements of the generic burglary offense are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed. 2d 607 (1990). Because the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense, [defendant's] prior conviction qualifies as a "crime of violence" under the categorical approach.

4

*Olsson*, 742 F.3d at 856.

Petitioner's second-degree burglary conviction clearly qualifies as a violent felony and is unaffected by the analysis in *Descamps*. As such, Petitioner's claim is denied.

## Conclusion

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of

appealability.

An Order of Dismissal will be filed separately.

Dated this 9th day of February, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE